FILED
SUPERIOR COURT
OF GUAM

2026 MAY -8 PM 2:57

CLERK OF COURT

By:_____ /br~

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DANIEL LEON GUERRERO,<br><br>        Plaintiff,<br><br>  vs.<br><br>CARL E. CRUZ, as Administrator of the Estate of Atanacio Cruz Blas, and in his personal capacity,<br><br>        Defendant. | Civil Case No. CV0665-25<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on March 3, 2026, for a Motion Hearing regarding Defendant's Motion to Dismiss. Attorney Vincent Leon Guerrero appeared on behalf of Plaintiff Daniel Leon Guerrero. Attorney Jacques Bronze appeared on behalf of Defendant Carl E. Cruz, administrator of the Estate of Atanacio Cruz Blaz. After reviewing the record, relevant law, and arguments from the parties, the Court **GRANTS** the Motion to Dismiss.

### BACKGROUND

Leon Guerrero filed his Complaint on October 3, 2025. Cruz filed his Motion to Dismiss on December 22, 2025. Leon Guerrero filed his Opposition to Motion to Dismiss on January 20, 2026. Cruz filed his Reply on February 18, 2026. The Court heard oral arguments for the Motion to Dismiss on March 3, 2026.

## STATEMENT OF FACTS

1. On February 25, 2016, the Estate of Atanacio Cruz Blas was filed with the Probate Court of Guam. *See* Compl. at 1–2 (Oct. 3, 2025); Decl. of Jacques G. Bronze at Exhibit "B" (Dec. 22, 2025).

2. Decedent, Atanacio Cruz Blas, acquired Lot No. 2173, located in Barrigada, Guam ("Basic Lot") in January of 2016. Mem. of Law in Supp. of Estate's and Car E. Cruz's, Individually, Mot. to Dismiss ("Mot. to Dismiss") at 2 (Dec. 22, 2025).

3. The Estate's previous administrator filed a Notice of Creditors in the probate case on May 18, 2016. *Id.*

4. On August 15, 2022, Leon Guerrero filed a Notice of Claim against the Estate, which arose from the consultancy agreement at issue in this case. *Id.*

5. On September 6, 2024, Carl E. Cruz became the administrator of the Estate. *Id.* at 1.

6. On September 9, 2024, the Estate filed with the probate court a Rejection of Claim against the Estate filed by Leon Guerrero. *Id.* at 2–3.

7. On or about March 6, 2025, the Estate ordered an Ownership and Encumbrance Report for the Basic Lot and discovered that Leon Guerrero had filed a Notice of Lis Pendens with the Department of Land Management using the consultancy agreement. *Id.* at 3.

8. On June 16, 2025, the Estate filed a Complaint against Leon Guerrero seeking to quiet title the Notice of Lis Pendens. *Id.*

9. Leon Guerrero answered the Estate's Complaint in the previous civil case on July 14, 2025. *Id.*

10. On October 3, 2025, Leon Guerrero filed the instant case. *Id.*

11. On October 16, 2025, Leon Guerrero withdrew all pleadings in the previous civil case brought by the Estate after the Estate filed a Motion for Judgment on the Pleadings. *Id.* at 3–4.

12. On December 4, 2025, the Court held that "Defendant owns no right, title, estate, lien or interest in the real properties of the Estate and/or Carl E. Cruz, individually. . ." Estate of Atanacio Cruz Blas v. Leon Guerrero, CV0418-25 (Order Granting Pls.' Mot. for J. on the Pleadings and Strike Affirmative Defenses ("Order") at 1 (Dec. 4, 2025)).

## DISCUSSION

In his Motion to Dismiss, Cruz argues that Leon Guerrero's Complaint should be dismissed on six separate grounds. *See* Mot. to Dismiss. First, Leon Guerrero's complaint fails to comply with 15 G.C.A. §§ 2517 and 2537 because the complaint did not comply with the time limitation on filing claims against an estate in probate court. *Id.* at 6–8. Second, the consultancy agreement upon which Leon Guerrero's Complaint rests was never approved by the probate court and therefore cannot serve as the basis for a claim against the Estate. *Id.* at 8–9. Third, Leon Guerrero's cause of action based on quantum meruit is barred because he cannot claim to have a written contract while simultaneously alleging that the contract was implied in law or fact. *Id.* at 9–10. Fourth, Leon Guerrero's breach of contract claim is time-barred. *Id.* at 10. Fifth, the handwritten agreement is not enforceable against the Estate. *Id.* at 11–12. Sixth, Leon Guerrero's Complaint is barred under *res judicata* because the Court has already heard and ordered a judgment upon this claim. *Id.* at 12–13.

In his Opposition, Leon Guerrero argues against each of Cruz's claims. *See* Pl.'s Opp. of Mot. to Dismiss ("Pl.'s Opp.") (Jan. 20, 2026). First, Leon Guerrero argues that the complaint is

not barred by 15 G.C.A. §§ 2517 and 2537 because this complaint is not against the Estate, but rather a complaint that could have been enforced against the deceased during his lifetime. *Id.* at 2–3. Second, Leon Guerrero also argues that the law Cruz's second argument is based on is inaccurately cited to because it does not apply in this case. *Id.* at 3. Third, Leon Guerrero states he will withdraw the quantum meruit claim if Cruz concedes there is an express contract. *Id.* Fourth, Leon Guerrero argues that the time-barred argument should be placed in an answer to the complaint, not in a motion to dismiss because it is an affirmative defense. *Id.* at 3–4. Fifth, Leon Guerrero does not fully explain this argument, but seems to argue that Cruz's Motion to Dismiss doesn't meet each element of a *res judicata* claim. *Id.* at 4. Leon Guerrero fails to address Cruz's argument regarding the handwritten agreement. *See Id.*

In Cruz's Reply to Leon Guerrero's Opposition, Cruz responds to each of the six points originally presented in the Motion to Dismiss. *See* Reply Mem. of Law in Supp. of Estate's and Carl E. Cruz's, Individually, Mot. to Dismiss ("Reply") (Feb. 18, 2026). First, Cruz argues that Leon Guerrero has conceded that the handwritten agreement is not enforceable by neglecting to respond to that argument. *Id.* at 3–4. Second, Cruz argues that the time-barred argument is appropriate in a Rule 12(b)(6) motion regardless of whether it is an affirmative defense. *Id.* at 4. Third, Cruz argues that Leon Guerrero has conceded the argument that the complaint is barred by *res judicata* because Leon Guerrero failed to express how the complaint is not barred *by res judicata*. *Id.* at 4–5. Fourth, Cruz argues that even if Leon Guerrero's complaint is not against the estate, it is still time-barred. *Id.* at 5–7. Fifth, Cruz argues that Leon Guerrero has conceded the quantum-meruit claim by not stating a defense against Cruz's allegations. *Id.* at 7–8. Sixth, Cruz

argues that the contract is not valid because the probate court rejected Leon Guerrero's claims. *Id.* at 8–9.

The Court agrees with Cruz that Leon Guerrero has conceded that the handwritten contract is not enforceable, that the complaint is barred by *res judicata*, and that the quantum meruit claim is barred. The Court will discuss only the *res judicata* argument because that argument is sufficient to dismiss the Complaint.

I.     Whether Cruz properly brought *res judicata* in a 12(b)(6) motion.

*Res judicata* is generally an affirmative defense, but it may be properly raised in a motion to dismiss under the Guam Rule of Civil Procedure 12(b)(6). To determine whether *res judicata* was properly raised by Cruz, the Court will look to the interpretation of Rule 12(b)(6) in the federal context. "When a local rule tracks the language of its federal counterpart, we view federal precedent as highly persuasive when interpreting our own." *Ukau v. Wang*, 2016 Guam 26 ¶ 28; *but see Santos v. Carney,* 1997 Guam 4 ¶ 4 (emphasizing that the Ninth Circuit has given Guam leeway to interpret its rules that are corollary to Federal rules). The Guam Rule of Civil Procedure 12(b)(6) is substantially similar to the Federal Rule of the same number. Guam R. of Civ. P. 12(b)(6); Fed. R. of Civ. P. 12(b)(6). And the Guam Supreme Court has yet to interpret whether the doctrines of *res judicata* may be appropriate to bring in a motion to dismiss. Thus, the Court will look to the federal interpretation in this instance for guidance on interpretation.

The affirmative defense of *res judicata* may be properly raised under a Rule 12(b)(6) motion to dismiss when the applicability of this defense is apparent from the face of the complaint and judicially noticeable court records. Federal courts have long held that the affirmative defense of *res judicata* may be used "offensively" in a new suit "against the party

who lost on the decided issue in the first case." *Allen v. McCurry*, 449 U.S. 90, 94–95 (1980). "But one general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Id.* at 95 (quoting *Montana v. United States*, 440 U.S. 147, 152 (1979)).

Here, Cruz has correctly raised a *res judicata* claim because the applicability of *res judicata* is apparent on the face of the Complaint. The Complaint in its entirety is based on a consultancy agreement with the previous administrator of the Estate. *See* Compl. (Oct. 3, 2025). This agreement and the claims to the property at issue in the agreement have already been litigated in both the Estate's probate case and a separate civil action. In the probate case, the claim based on the consultancy agreement was rejected by the probate court. Mot. to Dismiss at 2. And, in the civil case, Leon Guerrero agreed to drop his claim to Estate property based on the terms of the consultancy agreement. *See* Order at 1 (Dec. 4, 2025); Mot. to Dismiss at 3–4. Thus, it was appropriate for Cruz to bring a *res judicata* action because the Complaint was clearly based on the same consultancy agreement that had already been litigated by the same parties in two previous instances.

II.     Whether the elements of *res judicata* have been met.

*Res judicata* precludes a party from relitigating a claim that was or could have been raised in a prior action involving parties where there was a final judgment on the merits. *San Nicolas v. Birn*, 2022 Guam 8 ¶ 24; *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 10; *Trans Pac. Ex. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 13. Although a probate court has limited jurisdiction, a judgment in probate court that concerns the will or administration of the estate is conclusive.

*Zahnen*, 2008 Guam 5 ¶ 13; 6 G.C.A. § 4209. This includes decisions regarding the deceased's property ownership. *Id.* at ¶ 18. When these conditions are met in probate court, the doctrine of *res judicata* applies. *Id.* at ¶ 13. Based on Guam law, the elements of *res judicata* are:

> (1) A final judgment on the merits in an earlier suit,
>
> (2) an identity of the causes of action in both the earlier and later suit, and
>
> (3) an identity of the parties or their privies in the two suits.

*San Nicolas*, 2022 Guam 8 ¶ 26. When these elements are met, a claim is barred by the doctrine of *res judicata. Id.*

Additionally, under the Guam Rules of Civil Procedure, a party is barred from bringing a claim in a subsequent action when they failed to bring a compulsory counterclaim. Guam R. of Civil P. 13(a). A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." *Id.* "The definition of 'transaction or occurrence' focuses on whether there is a 'logical relationship' between the claim and the counterclaim." *Pelowski v. Taitano*, 2000 Guam 34 ¶ 13. "Courts take a liberal view in determining whether a counterclaim is compulsory under rule 13." *Id.* at ¶ 14.

A final judgment on this matter has been heard on its merits in two earlier suits. Leon Guerrero has made claims to the Estate's property in the probate case, which were denied because of the statute of limitations on claims brought against the estate. Mot. to Dismiss at 2. In a previous civil suit regarding the agreement at issue in this matter, Leon Guerrero chose to drop all counterclaims and opposition. *See* Order at 1 (Dec. 4, 2025); Mot. to Dismiss at 3–4. Both claims have reached a final judgment on the matter of the owner of the property at issue in this case. The probate case did so because Leon Guerrero filed past the filing date despite notice

being given. And in the previous civil case, Leon Guerrero chose not to contest the Estate's claim to this property. Thus, this element has been met.

The claims brought in the probate case and in the instant suit are identical. In the probate case, Leon Guerrero claimed ownership in Estate property based on the consultancy agreement. In this case, Leon Guerrero again claims ownership to Estate property based on the consultancy agreement. Leon Guerrero requests for "the reasonable value of the services provided by Plaintiff in the amount of 15% of the value of the lots." Compl. at 3. The consultancy agreement states that "the Administratrix shall pay to Consultant a fee of fifteen percent (15%) of the appraised value of the Lot" that would be given to the Estate by the Guam Ancestral Lands Commission in part due to the consultations allegedly given by Leon Guerrero. Compl. at Ex. A. The claim against the Estate brought by Leon Guerrero was based solely on this aspect of the consultancy agreement. And although Leon Guerrero states that the instant case is different than the claim to the probate court because it is based in contract law, the claim in the probate court was also based in contract law. Therefore, these claims are identical.

The claims in this case were counterclaims that were compulsory in the previous civil case. The causes of action in the earlier civil suit and the instant suit are not identical, but the two suits are based on the same transaction or occurrence. The Estate brought the earlier civil suit because Leon Guerrero had placed a lien on the Basic Lot based on the consultancy agreement at issue in the instant case. Mot. to Dismiss at 3. Leon Guerrero had an opportunity in the previous civil case to bring a counterclaim based on the consultancy agreement and assert his right to that property. Leon Guerrero chose not to pursue his counterclaims and abandoned his opposition to the Estate's claim. The instant case is based on these same claims Leon Guerrero could have

pursued in the previous case. The instant case cites to the same consultancy agreement and claims the same property interest in the same lot. Therefore, the claims in the instant case are barred because they were compulsory counterclaims in the previous civil case.

The parties involved in the earlier suits are the same as in the instant suit. The probate case and the previous civil case all had the same parties. The probate case was the case regarding the Estate in the instant case. The civil case was brought by the Estate with Cruz as the administrator against Leon Guerrero. Thus, the parties were identical in the earlier suits.

Therefore, the Complaint is dismissed because it violates the principle of *res judicata*.

**CONCLUSION**

Therefore, the Court **GRANTS** Cruz's Motion to Dismiss.

**SO ORDERED**, this ____5|8|26____.

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**
